UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND;
BUILDING SERVICE 32BJ PENSION FUND;
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND; THOMAS SHORTMAN TRAINING &
SCHOLARSHIP FUND; BUILDING SERVICE
32BJ SUPPLEMENTAL RETIREMENT &
SAVINGS FUND,

        Plaintiffs,

        -against-                                    **COMPLAINT**

76-66 AUSTIN OWNERS CORP;                          07 CV 8380 (AKH)
30 ROAD REALTY Co. LLC;
85-05 35 AVENUE REALTY Co. LLC;
86-06 35 AVENUE REALTY Co. LLC;
HILLSIDE REALTY I Co., LLC;
660 REALTY Co., LLC; 668 REALTY Co., LLC;
690 REALTY Co., LLC; 700 REALTY Co., LLC;
706 REALTY Co., LLC; 725 REALTY Co., LLC;
801 REALTY Co., LLC; 807 REALTY Co., LLC;
812 RIVERSIDE REALTY Co., LLC;
835 REALTY Co., LLC; JORALEMON REALTY
NY, LLC

        Plaintiffs,
------------------------------------------------------------X

Plaintiffs Building Service 32BJ Health Fund, Building Service 32BJ Pension Fund; Building Service Legal Services Fund; Thomas Shortman Training & Scholarship Fund; Building Service 32BJ Supplemental Retirement & Savings Fund ( collectively referred to as the "Funds"), by their attorneys Raab, Sturm & Goldman, as and for their complaint, allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Section 502 (a)(3) and 515 of the Employee Retirement Income Security Act of 1924, as amended, 29 U.S.C. § 1132 (a)(3), 1145. ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.§ 185, ("Taft-Hartley Act"), by an employee health fund, pension fund, training and scholarship fund, legal service fund, and an employee retirement savings fund. The action seeks monetary and other equitable relief under ERISA, and for breach of contract to secure performance by a group of employers of specific statutory and contractual obligations to pay and/or submit required monetary contributions to the Funds, and to permit and cooperate in the audit of the books and records of defendants. The Complaint alleges that by failing, refusing or neglecting to pay and submit the required contributions and reports to the Funds when due, the defendants have violated ERISA, the collective bargaining agreements and the trust agreements of the Funds.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502 (a) (I) and (f) of ERISA, 29 U.S.C. § 1132 (e) (1) and (f)

    (b) Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185

    (c) 28 U.S.C. § 1331 (federal question), and

    (d) 28 U.S.C. § 1337 (civil action arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502 (e)(2) of ERISA, 29 U.S.C.§

1132 (e)(2). Service of process may be made on the defendants in any other district in which they may be found, pursuant to Section 502 (e) (2), 29 U.S.C. § 1132 (e)(2).

## PARTIES

4. The Funds are jointly administered, multi-employer labor management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302 (c)(5) of the Taft-Hartley Act 29 U.S.C. § 186 (c)(5). The Funds are employee benefit plans within the meaning of Section 3(2), 3(3) and 502 (d) (1) of ERISA, 29 U.S.C.§ 1002 (2), (3), and 1132 (d) (1), and multi-employer plans within the meaning of ERISA Sections 3 (37) and 515, 29 U.S.C.§§ 1002 (37) and 1145. The Funds are authorized to maintain suit as independent legal entities under Section 502 (d)(1) of ERISA, 29 U.S.C. § 1132 (d)(1). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local 32BJ, Service Employees International Union ("Union"), to invest and maintain those monies, and to distribute benefits to these employees eligible to receive them. The Funds office is located at 101 Avenue of the Americas, New York, New York 10013, and is administered at that location.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Acts 29 U.S.C. § 142, and Section 3 (4) of ERISA 29 U.S.C. § 1002 (4). The Union's office is located at 101 Avenue of the Americas, New York, NY 10013.

6. Each of the named defendants ( collectively referred to as "Defendants" or "Employers") is the owner of a residential apartment building in or around the City of New York, and is an employer within the meaning of Section 3(5) and 515 of ERISA 29 U.S.C. §§ 1002 (5) and

1145, and is an employer engaged in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, all defendants share the same corporate ownership and principals, and their businesses are managed by the same corporate entity.

## AS AND FOR A FIRST CLAIM FOR RELIEF

7.  The Funds repeat and reallege each and every allegation set forth in paragraph 1 through 6 of the Complaint, as if fully set forth herein.

8.  Each of the named Defendants is party to separate but substantially identical collective bargaining agreements with the Union, all of which call for the payment of benefit contributions to the Funds by each Defendant on behalf of its employees.

9.  Each of the named Defendants has failed and refused to pay full benefit contributions to the Fund's creating a collective and aggregate delinquency of $108,149.46 in unpaid principal contributions for all periods up to and including June 30, 2007, as follows:

   (a)  Joralemon Realty NY LLC owes $ 18,390.39 in unpaid contributions for the period January 1, 2003 through March 31, 2006

   (b)  76-66 Austin Owners Corp. owes $7,633.29 in unpaid contributions for the period January 1, 2003 through March 31, 2006

   (c)  30 Road Realty Co. owes $7,744.82 in unpaid contributions for the period January 1, 2003 through March 31, 2006

   (d)  86-06 35 Avenue Realty Co. LLC owes $13,431.86 in unpaid contributions for the period January 1, 2003 through March 31, 2006

   (e)  85-05 35 Avenue Realty Co. LLC owes $4,834.51 in unpaid contributions for the period January 1, 2003 through December 31, 2006

   (f)  Hillside Realty I Co. LLC owes $13,264.64 in unpaid contributions

      for the period April 1, 2003 through December 31, 2004

  (g)  660 Realty Co. LLC owes $9,371.97 in unpaid contributions for the period January 1, 2003 through June 30, 2007

  (h)  668 Realty Co. LLC owes $4,741.61 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (i)  690 Realty Co. LLC owes $6,437.95 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (j)  700 Realty Co. LLC owes $4,741.61 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (k)  706 Realty Co. LLC owes $3,095.67 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (l)  725 Realty Co. LLC owes $3,095.67 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (m)  801 Realty Co. LLC owes $3,095.72 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (n)  807 Realty Co. LLC owes $3,095.67 in unpaid contributions for the period January 1, 2003 through December 31, 2006

  (o)  812 Riverside Realty Co. LLC owes $2,078.41 in unpaid contributions for the period January 1, 2003 through December 31, 2006.

  (p)  835 Realty Co. LLC owes $3,095.67 in unpaid contributions for the period January 1, 2003 through December 31, 2006

10. To date, none of the above-described contributions have been paid by Defendants, despite due demand and the Funds have been damaged in the amount of $108,149.46, along with interest and statutory liquidated damages.

11. The failure, refusal or neglect of Defendants to make the required contributions constitutes a violation of the contracts between Defendants and the Union, with respect to which the Funds are third-party beneficiaries.

12. Accordingly, Defendants are liable to the Funds for unpaid contributions in the

amounts due for the period set forth above, along with such other or further amounts as may be found due and owing pursuant to an audit of Defendants' books and records.

## AS AND FOR A SECOND CLAIM FOR RELIEF

13. The Fund repeat and reallege each and every allegation set forth in paragraph 1 through 12 of the Complaint, as if fully set forth herein.

14. Section 515 of ERISA requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

15. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required contributions and/or reports to the Funds when due. Such failures constitute a violation of ERISA Section 515, 29 U.S.C. §1145.

16. Section 502 of ERISA, 29 U.S.C. § 1132, requires that the Court upon a finding of an employee violation of Section 515, shall award to fund plaintiffs the unpaid benefit contributions, along with statutory damages and interest on the principal, together with attorney's fees, costs, and disbursements of the action.

17. Accordingly, Defendants are liable to the Funds for payment and/or submission of the monetary contributions and/or reports as aforesaid, as well as for statutory damages, interest, reasonable attorneys' fees, and the costs and disbursements of this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A THIRD CLAIM FOR RELIEF

18. The Funds repeat and reallege each and every allegation set forth in paragraph 1 through 17 of the Complaint as if fully set forth herein.

19. Defendants are obligated pursuant to the Agreement to permit and cooperate in the

conduct of audits by the Funds of Defendants' books and records.

20. Accordingly, the Funds demand an order directing Defendants to permit and cooperate with the Fund's and/or their designated agents in the audit of Defendants' books and records, pursuant to the terms of the Agreements.

WHEREFORE, Plaintiff Fund demand judgment against all named Defendants for payment of all past due contributions as follows:

- a) against Joralemon Realty NY LLC for contributions in the amount of $18,390.29;
- b) against 76-66 Austin Owners Corp. for contributions in the amount of $7,633.29;
- c) against 30 Road Realty Co. For contributions in the amount of $7,744.82;
- d) against 86-06 35 Avenue Realty Co. LLC for contributions in the amount of $13,431.86;
- e) against 85-05 Avenue Realty Co. LLC for contributions in the amount of $4,834.51;
- f) against Hillside Realty I Co. LLC for contributions in the amount of $13,264.64;
- g) against 660 Realty Co. LLC for contributions in the amount of $9,371.97;
- h) against 668 Realty Co. LLC for contributions in the amount of $4,741.61;
- i) against 690 Realty Co. LLC for contributions in the amount of $6,437.95;
- j) against 700 Realty Co. LLC for contributions in the amount of $4,741.61;
- k) against 706 Realty Co. LLC for contributions in the amounts of $3,095.67;
- l) against 725 Realty Co. LLC for contributions in the amounts of $3,095.67;
- m) against 801 Realty Co. LLC for contributions in the amounts of $3,095.72;
- n) against 807 Realty Co. LLC for contributions in the amounts of $3,095.67;
- o) against 812 Riverside Realty Co. LLC for contributions in the amount of $2,078.41;

p) against 835 Realty Co. LLC for contributions in the amount of $3,095.67.

q) interest against all Defendants

r) liquidated damages against all Defendants

s) attorneys' fees, costs and disbursements against all Defendants;

t) for an Order directing each of the Defendants to permit and cooperate in the conduct of an audit of Defendants' books and records;

u) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 17, 2007

*Raab, Sturm & Goldman, LLP*

By: _____
Michael Geffner (6785)
317 Madison Ave. Suite 1708
New York, New York 10017
Phone: (212)683-6699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND;
BUILDING SERVICE 32BJ PENSION FUND;
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND; THOMAS SHORTMAN TRAINING &
SCHOLARSHIP FUND; BUILDING SERVICE
32BJ SUPPLEMENTAL RETIREMENT &
SAVINGS FUND,
                                         Plaintiffs,

                -against-                                          **STATEMENT PURSUANT**
                                                                   **TO RULE 1.9**

76-66 AUSTIN OWNERS CORP;
30 ROAD REALTY Co. LLC;
85-05 35 AVENUE REALTY Co. LLC;
86-06 35 AVENUE REALTY Co. LLC;
HILLSIDE REALTY I Co., LLC;
660 REALTY Co., LLC; 668 REALTY Co., LLC;
690 REALTY Co., LLC; 700 REALTY Co., LLC;
706 REALTY Co., LLC; 725 REALTY Co., LLC;
801 REALTY Co., LLC; 807 REALTY Co., LLC;
812 RIVERSIDE REALTY Co., LLC;
835 REALTY Co., LLC; JORALEMON REALTY
NY, LLC

                                         Defendants,
-----------------------------------------------------------------X

Pursuant to Rule 1.9 of the General Rules of the Southern District of New York and to enable judges and magistrates of the court to evaluate possible disqualification or recusal, the undersigned attorney of record for the Building Services 32BJ Health Fund; Building Services 32BJ Pension Fund, Building Services 32BJ Legal Services Fund, Thomas Shortman Training & Scholarship Fund; Building Service 32BJ Supplemental retirement & Savings Fund certifies that the following are corporate parents, subsidiaries, or affiliates of that party:

                                    None

Dated:   September 20, 2007

                                                        RAAB, STURM & GOLDMAN, LLP

                                                        By: _____
                                                        MICHAEL GEFFNER (MG-6785)
                                                        317 Madison Avenue, Suite 1708
                                                        New York, NY 10017
                                                        (212) 683-6699